Antonina KAIGORODOVA, Petitioner,

v.

Alberto R. GONZALES, United States Attorney General, Respondent.

No. 06–0235–ag.

United States Court of Appeals, Second Circuit.

July 27, 2006.

Christina L. Harding, Gallagher, Malloy & Georges, PC, Philadelphia, Pennsylvania, for Petitioner.

Gregory R. Miller, United States Attorney for the Northern District of Florida, E. Bryan Wilson, Assistant United States Attorney, Tallahassee, Florida, for Respondent.

PRESENT: Hon. B.D. PARKER, Hon. REENA RAGGI, Hon. RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

Antonina Kaigorodova, through counsel, petitions for review of the December 2005 BIA decision affirming Immigration Judge ("IJ") Jeffrey Chase's decision denying her motion to reopen removal proceedings. We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA adopts and affirms, then supplements the IJ's decision, we review the IJ's decision as supplemented by the BIA. *See Yu Yin Yang v. Gonzales,* 431 F.3d 84, 85 (2d Cir.2005). We review the denial of a motion to reopen for an abuse of discretion. *Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005); *Iavorski v. INS,* 232 F.3d 124, 128 (2d Cir.2000) (reviewing the denial of a motion to reopen after a removal order was entered *in absentia* to determine whether the BIA's decision " 'arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law' ").

■ Here, the IJ did not abuse his discretion in denying Kaigorodova's motion to the extent that it rested on a claim she did not receive proper notice of the hearing. The IJ found in Kaigorodova's file a copy of the notice for the hearing in question, which indicated that warnings of the consequences of failure to appear had been given and that the notice had been served on both parties. Moreover, a notice for a prior hearing indicated that Kaigorodova had been given the warnings at that time

in Russian. Finally, Kaigorodova admitted that she remembered being given oral notice of the hearing, and writing it down; that she later lost the paper does not change that she was informed of the date, time, and significance of the hearing.

■ Additionally, the BIA did not abuse its discretion in rejecting her claim that ineffective assistance of counsel prevented her appearance at the hearing, when she failed to explain, either to the IJ or BIA, the substance of her claim against her former counsel. That he refused to represent her further after her asylum hearing, and that she was unable to obtain new counsel at the time, is unfortunate, but she failed to explain how this circumstance prevented her from attending her second hearing, when she was able to attend her first notwithstanding her *pro se* status. Finally, even if she had demonstrated that she received ineffective assistance and was prejudiced, the BIA was within its discretion in rejecting her ineffective assistance claim because she failed to exercise due diligence in pursuing her asylum claim. *See Iavorski,* 232 F.3d at 135. She waited over five years after the IJ ordered her removed before filing the motion to reopen, admitted that she had not realized the importance of her asylum claim and had forgotten about it, and failed to explain adequately the basis of her asylum claim in either her application or her motion to reopen. Therefore, the IJ and BIA were well within their discretion in denying the motion. *See id.; see also Cekic v. INS,* 435 F.3d 167, 171 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for

oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).